```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| CHARLES MURRAY, | 1:17-cv-07432-NLH-AMD |
| Plaintiff, | |
| | **MEMORANDUM** |
| v. | **OPINION & ORDER** |
| WELLS FARGO BANK, et al., | |
| Defendants. | |

**APPEARANCES:**

CHARLES MURRAY
5 LOG CABIN RD
SICKLERVILLE, NJ 08081

    Appearing *pro se*

**HILLMAN**, District Judge

    WHEREAS, Plaintiff, Charles Murray, appearing *pro se*, has filed a complaint against Defendants Wells Fargo Bank, Federal Home Loan Corp. and Phelan Hallinan Diamond & Jones; and

    WHEREAS, Plaintiff claims that the "lower courts are denying my secured interest and equity in the mortgage" on his residence in Sicklerville, New Jersey; and

    WHEREAS, Plaintiff claims that his character has been defamed and he has lost his property, and he seeks the discharge of the mortgage; and

    WHEREAS, Plaintiff has filed an application to proceed

without prepayment of fees ("in forma pauperis" or "IFP" application), and pursuant to 28 U.S.C. § 1915(a)(1), a court may allow a litigant to proceed without prepayment of fees if he submits a proper IFP application; and

WHEREAS, although § 1915 refers to "prisoners," federal courts apply § 1915 to non-prisoner IFP applications, Hickson v. Mauro, 2011 WL 6001088, *1 (D.N.J.2011) (citing Lister v. Dept. of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005) ("Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners.") (other citations omitted); and

WHEREAS, the screening provisions of the IFP statute require a federal court to dismiss an action *sua sponte* if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards, see 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); Ball v. Famiglio, 726 F.3d 448, 452 (3d Cir. 2013); Martin v. U.S. Department of Homeland Security, 2017 WL 3783702, at *1 (D.N.J. August 30, 2017) ("Federal law requires this Court to screen Plaintiff's Complaint for sua sponte dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) and/or to dismiss any defendant who is immune from suit."); and

WHEREAS, pro se complaints must be construed liberally, and all reasonable latitude must be afforded the pro se litigant,

Estelle v. Gamble, 429 U.S. 97, 107 (1976), but pro se litigants "must still plead the essential elements of [their] claim and [are] not excused from conforming to the standard rules of civil procedure," McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); Sykes v. Blockbuster Video, 205 F. App'x 961, 963 (3d Cir. 2006) (finding that pro se plaintiffs are expected to comply with the Federal Rules of Civil Procedure); and

WHEREAS, the Court finds that Plaintiff's complaint is deficient in four significant ways:

1. Plaintiff has failed to state this Court's subject matter jurisdiction over his action, whether it is based on a federal question, or whether it is based on diversity of citizenship and an amount in controversy in excess of $75,000, see 28 U.S.C. §§ 1331, 1332;

2. If Plaintiff's case is premised on diversity of citizenship, Plaintiff has failed to properly plead the citizenship of the parties;

3. Plaintiff has failed to state a specific legal basis for his claims, which is necessary to establish subject matter jurisdiction, see Fed. R. Civ. P. 8(a) ("A pleading that states a claim for relief must contain . . . a short and plain

3

statement of the grounds for the court's jurisdiction.");

4. Plaintiff has failed to provide even the most basic facts to explain how each defendant allegedly caused Plaintiff's injury, see Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n.3 (1984) (quotation and citation omitted) ("Although the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.");

THEREFORE,

IT IS on this ___3rd___ day of ___January___, 2018

ORDERED that Plaintiff's IFP application (Docket No. 1-2) be, and the same hereby is, GRANTED, and the Clerk is directed to file Plaintiff's complaint; and it is further

ORDERED that Plaintiff shall have twenty (20) days to amend his complaint to properly cure the deficiencies noted above. If Plaintiff fails to do so, this case will be dismissed for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3).

At Camden, New Jersey

      ___s/ Noel L. Hillman___
      NOEL L. HILLMAN, U.S.D.J.